Stephen V. McCue - State Bar #109586
Law Offices of Stephen V. McCue
16236 San Dieguito Road, Suite 1-31
**P.O. Box 256**
Rancho Santa Fe, California 92067-0256

Tel.  (858) 350 9873
Fax. (858) 350 9879
e-mail: stephen@svmccuelaw.com

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DESARROLLO URBANISTICO DEL PACIFICO, S.A. De C.V.,** | CASE NO. **'15CV1729 JAH  DHB** |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **GENOMICS REFERENCE LABORATORY US, LLC, a limited liability company; and, DOES 1 through 100, inclusive,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff  DESARROLLO URBANISTICO DEL PACIFICO, S.A. De C.V (hereinafter "Plaintiff") alleges as follows:

## GENERAL ALLEGATIONS

1

1. Jurisdiction is based on 28 USC section 1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

2. Venue is based upon 28 USC section 1391(b)1 and 3; and the forum selection clause of the written guaranty as alleged hereinafter at paragraph 13 of this complaint.

3. Plaintiff is a Mexican corporation with its principal place of business located in Tijuana, Mexico.

4. Defendant **GENOMICS REFERENCE LABORATORY US, LLC** (hereinafter "defendant" and/or "defendant Genomics") is a limited liability company registered and/or incorporated in the State of Delaware, with its principal place of business located in the State of California.

5. The true names and capacities of defendants sued herein as DOES 1-100, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities, and their own involvement in the matters alleged herein, when they have been ascertained.

6. Plaintiff is informed and believes, and upon such information and belief, alleges that Defendants, and each of them, including those described herein as a DOE, are responsible through breach of agreement or in some other manner for the events and happenings hereinafter referred to and thereby directly and proximately caused the damages to, or became obligated to, Plaintiff as herein alleged.

7. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants, and each of them, including those described herein as a DOE, were at all times herein mentioned, the agents, employees, partners, successors and alter egos of each of the remaining defendants, and as such where at all times herein mentioned acting within the purpose, course and scope of said agency, employment and partnership and with the consent permission and ratification of the remaining Defendants, and each of them.

8. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned there existed a unity of interest and ownership between those corporate and business entity defendants named herein and each of them, including Does, such that the separate personalities of said defendants no longer exist, due to the fact that, amongst other things, these corporate and business entities are and were at all times relevant inadequately capitalized; ownership of stock and other interests in the corporate and business entities and actual control of the business operations of said defendants are and were held entirely by certain

common persons and entities; assets of these corporate and business entities are and were at all times relevant commingled with those of the remaining defendants; the corporate and business entities failed to follow corporate and organizational formalities; and, all said defendants operated and conducted business in a manner which lead Plaintiff and other third persons and entities to believe that they were one and the same. Based thereon, all defendants are and were at all times relevant jointly and severally responsible for the Plaintiffs' damages as set forth herein.

9.     On or about March 5, 2014, Plaintiff and Genomics Reference Laboratory, S. De R.L. De C.V., hereinafter "Genomics Mexico" and/or "Tenant") entered into a written lease agreement ("lease") for the rental by Plaintiff to said entity of a certain industrial building located in the City of Tijuana, Baja California, Mexico described as Commercial Premises Number 3001, Third Floor, Jose Clemente Orozco 2410, Zona Urbana Rio, Tijuana, Baja California, Mexico (hereinafter the "Property"). As of July 1, 2014, the effective monthly rental amount due and owing by Genomics Mexico on the first of each month pursuant to said lease agreement was and is $9,900 plus $1,584 in value added tax required by the Mexican fiscal authorities ("IVA") for a total monthly rental amount due of $11,484.00 (hereinafter "Lease Agreement"). Additionally, pursuant to said lease and effective Genomics Mexico agreed to pay a monthly maintenance fee of $1,140 to Plaintiff as well as the IVA thereon required by the Mexican fiscal authorities in the monthly amount of $182.00. Genomics Mexico has failed to said maintenance fee and IVA thereon to Plaintiff since June, 2014.

10.    On or about March 5, 2014, Defendant Genomics executed a written "Guaranty of Lease" ("Guaranty"). Pursuant to said Guaranty, Defendant Genomics unconditionally guarantees to Plaintiff the prompt, full and complete payment and performance of all the conditions, covenants, obligations, liabilities and agreements of Genomics Mexico as set forth in the lease aforementioned ("Guaranteed Obligations").

11.    Pursuant to said Guaranty, amongst other waivers, Defendant waives and agrees not to assert or take advantage of:

a.     Notice of acceptance of the guaranty;

b.     Any defense based upon any legal disability of Tenant or any guarantor, or any discharge or limitation of the

liability of Tenant or any guarantor to Landlord, or any restraint or stay applicable to actions against Tenant or any other guarantor, whether such disability, discharge, limitation, restraint or stay is consensual, or by order of a court or other governmental authority, or arising by operation of law or any liquidation, reorganization, receivership, bankruptcy, insolvency or debtor-relief proceeding, or from any other cause, including, without limitation, any defense to the payment of rent under the Lease, attorneys' fees and costs and other charges that would otherwise accrue or become payable in respect of the Guaranteed Obligations after the commencement of any such proceeding, it being the intent of the parties that the Guaranteed Obligations shall be determined without regard to any rule of law or order that may relieve Tenant of any portion of such obligations;

c.      Any defense based upon or related to Guarantor's lack of knowledge as to Tenant's financial condition.

12.     Furthermore, said Guaranty provides that "If Tenant defaults with respect to any of the Guaranteed Obligations, and fails to cure such breach within ninety (90) days of receiving notice of such breach from Landlord, Landlord may, at its election, proceed against Guarantor, any other guarantor or Tenant or any combination of Tenant, Guarantor and any other guarantor."

13.     The Guaranty further provides that the rights and obligations of the parties thereunder shall be governed by and interpreted in accordance with the laws of the State of California.  It further provides that the parties understand and agree that in the event a dispute should arise as to the performance of the obligations pursuant to the guaranty, an action relating to the guaranty shall be instituted and prosecuted in the federal court of San Diego, State of California, USA, and that each party submits to the personal jurisdiction and venue of any such court in any such action or proceeding.

14.     The Guaranty further provides that "the prevailing party in any litigation, arbitration, mediation, bankruptcy, insolvency or other proceeding (collectively, *"Proceeding")* relating to the enforcement or interpretation of this Guaranty may recover from the unsuccessful party all reasonable costs, expenses and reasonable attorneys' fees (including expert witness and other consultants' fees and costs) relating to or

arising out of (a) any such Proceeding (whether or not the Proceeding proceeds to judgment), and (b) any post-judgment or post-award proceeding including, without limitation, one to enforce or collect any judgment or award resulting from the Proceeding. All such judgments and awards shall contain a specific provision for the recovery of all such subsequently incurred costs, expenses and actual attorneys' fees."

15. Commencing on or about July 1, 2014 and continuing to the present, defendant Genomics has failed to make the monthly maintenance and IVA payments for which it is obligated under the Guaranty of the lease obligations. Commencing on or about July 1, 2014 and continuing to the present, defendant Genomics has failed to make the monthly lease and IVA payments for which it is obligated under the Guaranty of the lease obligations. Moreover, Genomics Mexico remains in possession of the Property, and continues to occupy the same.

16. Plaintiff has, by numerous written notices and verbal requests, made demand upon Defendant Genomics and Genomics Mexico that they pay to Plaintiff the monthly monetary obligations owed by Genomics Mexico aforementioned and for which Defendant Genomics is unconditionally obligated to pay pursuant to the Guaranty. Defendant Genomics has failed and refused, and continues to fail and refuse, to make said monthly monetary payments on behalf of Genomics Mexico. Similarly, Genomics Mexico has failed and refused and continues to fail and refuse to make said monthly monetary payments. Accordingly, on or about March 10, 2015, Plaintiff served upon Defendant Genomics and Genomics Mexico a formal notice to cure as required and in accordance with the requirement of the Guaranty as set forth verbatim in paragraph 12 above. More than 90 days have passed since the service of the notice to cure, yet Plaintiff has received no payments whatsoever of the any of the amounts due and owing.

## FIRST CAUSE OF ACTION
### (BREACH OF WRITTEN GUARANTY AS AGAINST DEFENDANTS GENOMICS AND DOES 1 THROUGH 50)

17. Plaintiff refers to and incorporates by reference the allegations of paragraphs 1 through 16 of this complaint as though set forth in full.

18. The Guaranty provides that in the event of any default on the part of Tenant of the guaranteed obligations of the lease, Plaintiff may, at its option, proceed in the first instance against Defendant Genomics to collect any obligation covered by the Guaranty without first proceeding against Tenant or any other person or entity.

19. By virtue of the failure of Defendant Genomics and DOES 1 through 50 to abide by the terms of the Guaranty by, amongst other things, failing to pay to Plaintiff the outstanding monthly monetary obligations due and owing under the lease commencing in June 2014 as set forth above, Defendant Genomics and DOES 1 through 20 are in material breach of the same. Furthermore, defendant Genomics and Does 1 through 50 have repudiated the entirety of their obligations under the Guaranty. As a result of the breach by defendant Genomics and Does 1 through 50 of the Guaranty, there is past due and owing from defendant Genomics the sum of approximately $192,096.00 in past due rent, maintenance fees and IVA. Furthermore, as a result of the breach, Plaintiff is entitled to secure and recover as damages the remaining monthly monetary obligations due and owing under the lease for each month remaining through the term of the lease which ends on February 28, 2018.

20. Plaintiff has performed all of his obligations under the Guaranty necessary, except these obligations which Plaintiff is and was prevented or excused from performing.

21. As a direct and proximate result of the material breach by Defendants Genomics and DOES 1 through 50 and each of them, of the Guaranty and their repudiation of the same, Plaintiff has been damaged in an amount to be proved at time of trial, and in an amount in excess of this court's jurisdictional minimum.

22. Plaintiff has been compelled to employ the Law Offices of Stephen V. McCue to prepare, file and prosecute this action, and has become obligated to pay an undetermined amount as attorney's fees and costs for said professional services.

23. As a direct and proximate result of the breach and repudiation of the guaranty, as before mentioned, Plaintiff has been required to incur attorney's fees and costs, and will be required to incur further attorney's fees and costs in this action, the exact amount of which is undetermined, but which will be the subject of proof by motion and/or by a cost memorandum after the trial of this action.

## SECOND CAUSE OF ACTION

## (REFORMATION AS AGAINST ALL DEFENDANTS)

24.  Plaintiff realleges and incorporates by reference paragraphs 1 through 23 aforementioned as though set forth herein in full.

25.   The above-described written Guaranty in its recitals fails to reflect the true intent of the parties in that the Guaranty in its recitals erroneously describes the premises which are the subject of the lease between Plaintiff and Genomics Mexico.  Said lease describes the premises as  located in the City of Tijuana, Baja California, Mexico described as Commercial Premises Number 3001, Third Floor, Jose Clemente Orozco 2410, Zona Urbana Rio, Tijuana, Baja California, Mexico. The Guaranty in its recitals refers to the lease but erroneously states that the lease is in connection with premises located at  #3001, Paseo Palmas, 10289 Avenida Paseo de los Heroes, Zona Urbana Rio, Tijuana, Baja, California. To reflect the true intent of the parties, the Guaranty should in the recitals reflect instead that the lease which underlies the Guaranty  is in connection with certain premises described as follows:

> **City of Tijuana, Baja California, Mexico described as Commercial Premises Number 3001, Third  Floor, Jose Clemente Orozco 2410, Zona Urbana Rio, Tijuana, Baja California, Mexico.**

26.  The above-described failure of the written Guaranty to reflect the true intent of the parties resulted from, among other reasons, a mutual mistake of both parties in that neither party noted the incorrect address of the premises reflected in the recitals of the Guaranty despite properly referring therein to the correct date of the lease and the correct parties to the lease.

27.  Plaintiff  may nonetheless suffer prejudice and/or pecuniary loss unless the Guaranty is reformed.

**WHEREFORE**, plaintiff  prays  judgment against defendants, and each of them, as follows:

1. For damages in an amount to be determined at time of trial and exceeding the sum of $400,000.00;

2. For the reformation of the written Guaranty in the recitals to reflect the true intent of the parties, by stating that the underlying lease which sets forth the Guaranteed Obligations is in connection with certain premises described as:

> **City of Tijuana, Baja California, Mexico described as Commercial Premises Number 3001, Third Floor, Jose Clemente Orozco 2410, Zona Urbana Rio, Tijuana, Baja California, Mexico.**

3. For reasonable attorneys' fees and costs of suit herein incurred; and

4. For such other and further relief as the Court may deem proper.

DATED:                          s/ Stephen V. McCue, Esq._____
                                Stephen V. McCue, Attorney for Plaintiff DESARROLLO
                                URBANISTICO DEL PACIFICO, S.A. De C.V.

                                email: stephen@svmccuelaw.com