Ronald D. Tym, Esq.
Cal Bar. No. 195339
7120 Carlson Circle, #263
Canoga Park, CA 91303
Telephone: 818-836-1428
Facsimile: 818-337-2026
RTym@Tymfirm.com

Lesli Gallagher, Esq.
Cal. Bar. No. 250355
Pathway Genomics Corp.
4755 Nexus Center Dr.
San Diego, CA 92121
Telephone: (858) 381-5720
Facsimile: (619) 374-2172
lesli.gallagher@pathway.com

*ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANTS*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DESARROLLO URBANISTICO DEL PACIFICO, S.A. De C.V.,

          Plaintiff,

v.

GENOMICS REFERENCE LABORATORY US, LLC, a limited liability company; and DOES 1 through 100, inclusive

          Defendants.

*(Caption Continued on Next Page)*

**Case No. 3:15-CV-01729-JAH-DHB**

**ANSWER TO COMPLAINT AND COUNTERCLAIMS**

**Jury Trial Demanded**

1

GENOMICS                                    REFERENCE
LABORATORY US, LLC

                            Counterclaimant

and

GENOMICS REFERENCE
LABORATORY, S. De R.L. De C.V.

        Additional Counterclaimant

v.

DESARROLLO   URBANISTICO   DEL
PACIFICO, S.A. De C.V.,

                            Counterclaim Defendant

and

ALBERTO MAY ALVA

        Additional Counterclaim-Defendant

        Defendant Genomics Reference Laboratory US, LLC ("Defendant" or "GRL US")

hereby answers the Complaint (Doc. 1) (the "Complaint") of Plaintiff Desarrollo Urbanistico

Del Pacifico, S.A. De C.V. ("Plaintiff" or "Desarrollo") as follows:

### GENERAL ALLEGATIONS

        1.      The statement in Paragraph 1 is neither an averment nor an allegation to which a

response is required. To the extent that a response is required, GRL US admits that Plaintiff

alleges that subject matter jurisdiction is founded upon 28 U.S.C. §1332 for the reasons stated.

GRL US lacks knowledge or information sufficient to form a belief as to the truth of the

remaining statements contained in paragraph 1 of the Complaint.

        2.      The statement in Paragraph 2 is neither an averment nor an allegation to which a

response is required. To the extent that a response is required, GRL US admits that Plaintiff

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

alleges that venue is based upon 28 U.S.C. §§1391(b)1 and 3 and the forum selection clause the written guaranty as alleged at paragraph 13 of the Complaint.

3.      Upon information and belief, GRL US admits that Plaintiff is a Mexican corporation with its principal place of business located in Tijuana, Mexico.

4.      GRL US admits that GRL US is a limited liability company registered and/or incorporated in the State of Delaware, with its principal place of business located in the State of California.

5.      GRL US lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 5 of the Complaint and therefore denies them.

6.      GRL US denies that GRL US is responsible for breach of agreement. GRL US lacks knowledge or information sufficient to form a belief as to the truth of the remaining statements contained in paragraph 6 of the Complaint and therefore denies them.

7.      GRL US lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 7 of the Complaint and therefore denies them.

8.      GRL US denies that GRL US was and is at all times relevant inadequately capitalized.  GRL US denies that ownership of stock and other interests in GRL US and actual control of the business operations of GRL US are and were held entirely by certain common persons and entities as the other Defendants.  GRL US denies that assets of GRL US are and were at all times commingled with those of the remaining unnamed defendants. GRL US denies that GRL US failed to follow corporate and organizational formalities. GRL US denies that GRL US operated and conducted business in a manner which lead Plaintiff and other persons and entities to believe that it was one and the same with any of the remaining unnamed defendants. GRL US lacks knowledge or information sufficient to form a belief as to

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

the truth of the remaining statements contained in paragraph 8 of the Complaint and therefore denies them.

9. GRL US admits that on or about March 5, 2014, Plaintiff and Genomics Reference Laboratory, S. De R.L. De C.V. (hereinafter "Genomics Mexico") entered into a written lease agreement (the "Lease") with Plaintiff. GRL US admits that the written lease agreement states "Monthly Rent will be in the amount of *[$16.50 (sixteen dollars and 50/100 cents currency of the United States of America)]*, per square meter which equals to a total amount of US$9,900.00 (nine thousand and nine hundred and 00/100) dollars plus the Value Added Tax (V.A.T.) established in the fiscal legislations in force at the time of payment." GRL US admits that the written lease agreement states that "'LEESEE' will pay to the individual or legal entity designated by 'LESSOR', the maintenance fee in the amount of *[$1.90 (one dollar and 90/100 cents currency of the United States of America)]*, per square meter which equals to a total amount of US$1,140.00 (one thousand one hundred and forty 00/100) dollars plus Value Added Tax". GRL US denies all other allegations in paragraph 9 of the Complaint.

10. GRL US admits that GRL US executed a written "Guaranty of Lease" (the "Guaranty") on or about March 5, 2014. GRL US denies all other allegations in paragraph 10 of the Complaint.

11. GRL US admits that Section 5 of the Guaranty executed by GRL US on or about March 5, 2014, states that "Guarantor waives and agrees not to assert or take advantage of: (a) notice of acceptance of this Guaranty; (b) any defense based upon any legal disability if Tenant or any guarantor, or any discharge or limitation of the liability of Tenant or any guarantor to Landlord, or any restraint or stay applicable to actions against Tenant or any

4

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

other guarantor, whether such disability, discharge, limitation, restraint or stay is consensual, or by order of a court or other governmental authority, or arising by operation of law or any liquidation, reorganization, receivership, bankruptcy, insolvency, or debtor-relief proceeding, or from any other cause, including, without limitation, any defense to the payment of rent under the Lease, attorneys' fees and costs and other charges that would otherwise accrue or become payable in respect of the Guaranteed Obligations after the commencement of any such proceedings, it being the intent of the parties that the Guaranteed Obligations shall be determined without regard to any rule of law or order that may relieve Tenant of any portion of such obligations; … (c) Any defense based upon or related to Guarantor's lack of knowledge as to Tenant's financial condition".   GRL US denies all other allegations in paragraph 11 of the Complaint.

12.   GRL US admits that Section 4 of the Guaranty executed by GRL US on or about March 5, 2014, includes the text quoted in paragraph 12 of the Complaint. GRL US denies all other allegations in paragraph 12 of the Complaint.

13.   GRL US admits that Section 19.2 of the Guaranty executed by GRL US on or about March 5, 2014, states that "This Agreement will be governed by and interpreted in accordance with the laws of the State of California" and that "Any action or proceeding arising from or relating to this Agreement shall be brought in a federal court in San Diego, California, USA, and each party irrevocably submits to the personal jurisdiction and venue of any such court in any such action or proceeding."   GRL US denies all other allegations in paragraph 13 of the Complaint.

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

14.     GRL US admits that Section 9.3 of the Guaranty executed by GRL US on or about March 5, 2014, includes the text quoted in paragraph 14 of the Complaint. GRL US denies all other allegations in paragraph 14 of the Complaint.

15.     GRL US denies the allegations in paragraph 15 of the Complaint.

16.     GRL US admits that Plaintiff's attorney Steven McCue mailed a letter to GRL, US entitled "Notice of Default" on or about March 10, 2015.  GRL US denies all other allegations in paragraph 16 of the Complaint.

<strong>FIRST CAUSE OF ACTION</strong>

<strong>(BREACH OF WRITTEN GUARANTY AS AGAINST DEFENDANTS</strong>

<strong>GENOMICS AND DOES 1 THROUGH 50)</strong>

17.     The statement in Paragraph 17 of the Complaint is neither an averment nor an allegation to which a response is required.  To the extent a response is required, GRL US repeats and realleges its responses to paragraphs 1 through 16, inclusive.

18.     GRL US denies the allegations in paragraph 18 of the Complaint.

19.     GRL US denies the allegations in paragraph 19 of the Complaint.

20.     GRL US denies the allegations in paragraph 20 of the Complaint.

21.     GRL US denies the allegations in paragraph 21 of the Complaint.

22.     GRL US denies the allegations in paragraph 22 of the Complaint.

23.     GRL US denies the allegations in paragraph 23 of the Complaint.

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

**SECOND CAUSE OF ACTION**

**(REFORMATION AS AGAINST ALL DEFENDANTS)**

24.    The statement in Paragraph 24 of the Complaint is neither an averment nor an allegation to which a response is required.  To the extent a response is required, GRL US repeats and realleges its responses to paragraphs 1 through 23, inclusive.

25.    GRL US denies the allegations in paragraph 25 of the Complaint.

26.    GRL US denies the allegations in paragraph 26 of the Complaint.

27.    GRL US denies the allegations in paragraph 27 of the Complaint.

**RELIEF REQUESTED**

GRL US is not required to respond to the prayer for relief in the Complaint. Nonetheless, to the extent that the paragraphs of the Complaint in the Prayer section may be deemed to allege and factual or legal entitlements to the relief requested, GRL US denies each and every such allegation and denies that Plaintiff is entitled to any relief requested from the Court.

**GENERAL DENIAL**

GRL US denies each and every allegation raised by Plaintiff that has not been expressly admitted herein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

28.    GRL US incorporates by reference Paragraphs 1 through 27 of this Answer as if fully set forth herein.

29.    Plaintiff's allegations fail to state a claim against GRL US for which relief may be granted.

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

30.     GRL US incorporates by reference Paragraphs 1 through 29 of this Answer as if fully set forth herein.

31.     Plaintiff failed to mitigate the alleged damages.

**THIRD AFFIRMATIVE DEFENSE**
**(Breach of Contract by Plaintiff)**

32.     GRL US incorporates by reference Paragraphs 1 through 31 of this Answer as if fully set forth herein.

33.     Plaintiff materially breached one or more material obligations of Plaintiff under the lease entered into between Plaintiff and Genomics Reference Laboratory, S. De R.L. De C.V. on or about March 5, 2014. Pursuant to Section 1.3 of the Guaranty, Guaranteed Obligations thereunder do not include any obligations of the Tenant which are finally determined by the courts to be excused or limited as a material breach of any material obligation of the Landlord under the Lease.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Disclose)**

34.     GRL US incorporates by reference Paragraphs 1 through 33 of this Answer as if fully set forth herein.

35.     Plaintiff failed to disclose material facts to GRL US, including but not limited to material deficiencies in the condition of the property allegedly leased to Genomics Reference Laboratory, S. De R.L. De C.V. by Plaintiff on or about March 5, 2014.

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

### FIFTH AFFIRMATIVE DEFENSE
### (Fraud)

36.     GRL US incorporates by reference Paragraphs 1 through 35 of this Answer as if fully set forth herein.

37.     Plaintiff, through statements made by its agent and representative, Alberto May Alva, to at least Don Diego Guereña, a representative for GRL Mexico, from November, 2013 through March 4, 2014 committed fraud by knowingly and intentionally misrepresenting the condition of the property as being suitable for the purposes for which Plaintiff knew it was intended to be used by Genomics Reference Laboratory, S. De R.L. De C.V. and as being suitable for occupation.

### FIFTH AFFIRMATIVE DEFENSE
### (Fraud in the Inducement)

38.     GRL US incorporates by reference Paragraphs 1 through 37 of this Answer as if fully set forth herein.

39.     Plaintiff committed fraud in the inducement, through statements made by its representative Alberto May Alva from November, 2013 through March 4, 2014, intentionally misrepresenting the condition of the property allegedly leased to Genomics Reference Laboratory, S. De R.L. De C.V. by Plaintiff on or about March 5, 2014.

### SIXTH AFFIRMATIVE DEFENSE
### (Invalid and or Illegal Contract)

40.     GRL US incorporates by reference Paragraphs 1 through 39 of this Answer as if fully set forth herein.

41.     All or part of the Lease and the Guaranty at issue resulted from fraud, deceit or misrepresentation by Plaintiff or another party.

9

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

## SEVENTH AFFIRMATIVE DEFENSE
### (Impossibility or Impracticability)

42.     GRL US incorporates by reference Paragraphs 1 through 41 of this Answer as if fully set forth herein.

43.     GRL US could not comply with the alleged contract due to impossibility and/or impracticability.

## EIGHTH AFFIRMATIVE DEFENSE
### (Anticipatory Repudiation)

44.     GRL US incorporates by reference Paragraphs 1 through 43 of this Answer as if fully set forth herein.

45.     Plaintiff anticipatorily repudiated the alleged contract and/or the lease entered into between Plaintiff and Genomics Reference Laboratory, S. De R.L. De C.V. on or about March 5, 2014.

## NINTH AFFIRMATIVE DEFENSE
### (Surety Defenses)

46.     GRL US incorporates by reference Paragraphs 1 through 45 of this Answer as if fully set forth herein.

47.     Pursuant to the Section 19.2 of the Guaranty, GRL US's obligations under the Guaranty are to be determined by reference to California law.

48.     Pursuant to Cal. Civil Code Section 2845, GRL US requires that Plaintiff proceed first against Genomics Reference Laboratory, S. De R.L. De C.V. pursuant to the Lease, and to the extent that Plaintiff has failed to do so, GRL US is exonerated from its obligations under the Guaranty.

49.     GRL US raises all other surety defenses available to it pursuant to Cal. Civil Code Sections 2787 to 2855.

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

## RESERVATION OF DEFENSES

GRL US hereby reserves any and all defenses available under the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and/or further factual investigation during the litigation.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Genomics Reference Laboratory US, LLC ("GRL, US" or "Counterclaimant")") and Genomics Reference Laboratory, S. De R.L. De C.V. ("GRL Mexico" or "Additional Counterclaimant") hereby Counterclaim against Desarrollo Urbanistico Del Pacifico, S.A. De C.V. ("Desarrollo" or "Counterclaim-Defendant") and Alberto May Alva ("Alva" or "Additional Counterclaim-Defendant") and allege as follows:

## THE PARTIES

1.      Upon information and belief, Desarrollo is a Mexican corporation with its principal place of business located in Tijuana, Mexico.

2.      Upon information and belief, Alva is an individual residing in the State of California.

3.      GRL US is a limited liability company formed under the laws of the State of Delaware.

4.      GRL Mexico is a corporation formed under the laws of Mexico.

## JURISDICTION AND VENUE

5.      By filing the Complaint in this Court, Desarrollo has submitted itself to the jurisdiction and venue of this Court.

11

6.      Counterclaimant GRL US is permitted to file the present counterclaims against Desarrollo pursuant to Federal Rule of Civil Procedure 13.

7.      Additional Counterclaimant GRL Mexico properly joins pursuant to Federal Rules of Civil Procedure 13 and 20.

8.      Counterclaim-Defendant Alva is subject to the jurisdiction and venue of this Court as a resident of the State of California and is properly joined as a counterclaim-defendant pursuant to Federal Rules of Civil Procedure 13 and 20 since the counterclaims herein are with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

9.      In late 2013, GRL US and GRL Mexico, through the assistance of Mr. Don Diego Guereña, began looking for commercial real property for GRL Mexico to lease in Mexico for business purposes.

10.     GRL, US and GRL Mexico considered several buildings, including a building in Tijuana, Baja California, Mexico owned by Counterclaim-Defendant Desarrollo  (hereinafter, "the Desarrollo building").

11.     Eventually, GRL Mexico entered into lease negotiations concerning the Desarrollo building and GRL US entered into negotiations regarding a guaranty.

12.     Additional Counterclaim-Defendant Alva represented Desarrollo in lease negotiations with GRL Mexico concerning the Desarrollo building and in guaranty negotiations with GRL US concerning the guaranty.

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

13.     Additional Counterclaim-Defendant Alva had and continues to have an ownership interest in the Desarrollo building and, on information and belief, in Counterclaim-Defendant Desarrollo

14.     Desarrollo, through its agent and representative Alva, had actual knowledge that  GRL Mexico intended to use the space, in part, to operate a scientific lab.

15.     From November, 2013 through March 4, 2014, Desarrollo, through its agent and representative Alva, represented to Don Diego Guereña, representative of GRL, US and GRL Mexico , among other things, that all construction permits for the Desarrollo building had been properly granted.

16.     GRL, US and GRL Mexico understood and believed that, in order to obtain such permits, the property was necessarily in compliance with all applicable building codes.

17.     In early 2014, Alva accompanied Mr. Don Diego Guereña on a walk-through tour of the Desarrollo building.

18.     Neither Desarrollo Alva, nor any other representative of Deasarollo, ever stated or suggested that the Desarrollo building was not structurally sound or that the Desarrollo building was not compliant with all applicable building codes.

19.     On information and belief, Alva and Desarrollo, through its agent and representative Alva, had actual knowledge that the Desarrollo building was not, in fact, structurally sound and that the Desarrollo building was not, in fact, compliant with  applicable building codes and should not be occupied for any purpose.

20.     In March of 2014, GRL Mexico, as "Lessor", entered into a lease agreement (the "Lease") with Desarrollo, as "Lessee", concerning the Desarrollo building, and GRL US entered into a guaranty agreement (the "Guaranty") with respect to the Lease.  Desarrollo

13

continued to be represented by Alva throughout the Lease and Guaranty negotiations and execution.

21.     Clause Seventeen of the Lease requires that the Lessor guarantee to the Lessee peaceful use of the leased premises during the period of validity of the agreement (the Lease).

22.     Further according to Clause Seventeen of the Lease, the parties agree that if the leased premise is closed or its use is prevented total or partially by any authority for a period of more than fifteen (15) days, for reasons not attributable to the Lessor, that will be cause enough of termination of the Lease.

23.     Further according to Clause Seventeen of the Lease, if the building is closed, or prevented from use by any authority for more than thirty (30) calendar days period, that shall be sufficient cause for termination of the agreement by the Lessee, unless the cause has been attributable to the Lessee.

24.     After entering into the Lease, GRL Mexico began to make improvements to a portion of the Desarrollo building subject to the Lease. In accordance with those improvements, the top coating on the floors of the Desarrollo building was removed.

25.     Upon removing the coating, several cracks in the flooring of the Desarrollo building were discovered.

26.      Alva, on behalf of Desarollo, had previously offered to make the repairs to the floors at Desarollo's expense. On information and belief, Desarollo and Alva offered to do so in order to conceal the cracking.

27.     GRL Mexico contacted a structural engineer to inspect the Desarrollo building. Upon examining the cracks, the structural engineer recommended that GRL Mexico obtain

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

both a structural and a topographic study due to a high probability of lack of structural integrity.

28.     GRL Mexico obtained an inspection of the Desarrollo building from a certified building laboratory.  The laboratory concluded that the Desarrollo building did not meet Baja California building code requirements and deemed the Desarrollo building to be not suitable for GRL Mexico's business purposes.

29.     GRL Mexico, as part of the procedures required to obtain the necessary use and occupancy permits and licenses by the municipal authorities of Tijuana, Baja California, through Don Diego Guereña, applied for authorization of Land Use before the Urban Management Directorate of the City Hall of Tijuana, Baja California, for the installation of CLINICAL LABORATORY and ADMINISTRATIVE OFFICES, which was conditionally granted by official letter number 1,460,049, dated on July 30th, 2014, file number 3,504 / 2014, signed by the Assistant Director of Urban Control, Ing. Eduardo Contreras Loera, addressed to the Lessor DESARROLLO URBANÍSTICO DEL PACIFICO, S. A. DE C. V as well as the Lessee GENOMICS REFERENCE LABORATORY, S. DE RL DE CV.

30.     The authorization of Land Use was conditioned upon several requirements, including obtaining before the Municipal Fire department the certification of security measures and because the property is registered as vacant lot, based on Article 37 of the Law on Real Estate Cadastre of B.C, GRL Mexico was required to manifest before the Cadastre Department the modification that is made to the use of the property to commercial and service in a period not exceeding 15 calendar days from receipt of the authorization of Land Use.

31.     In this context, GRL Mexico made the request to the Fire Department of Tijuana, Baja California with respect to the leased premises.

ANSWER AND COUNTERCLAIMS              CASE NO. 3:15-CV-01729-JAH-DHB

32.     GRL Mexico was notified, on August 28, 2014, through official number SBTEC / 0632/2014, dated on August 28, 2014, signed by the Director of Fire department of Tijuana, Baja California, Carlos Gopar Uribe, that in the commercial premise located at José Clemente Orozco Street 2410-3001 or 301, Zona Rio Tijuana, Baja California that cracks can be seen in all joins of the slabs with columns, plus an excess deflection in slabs. GRL Mexico was further informed that it was not possible to continue processing and / or issue a certificate for occupancy of the leased premises.

33.     GRL Mexico provided the governmental notice to Desarollo on September 3, 2014.  GRL Mexico also provided an alternative address for notices and correspondence to it in the same communication since GRL Mexico was not authorized to occupy the leased premises.

34.     Since GRL Mexico could not occupy the premises, GRL Mexico and GRL US sought to remove certain personal property, which included but was not limited to, air conditioning units and electrical components (the "Personal Property"), that had been moved to the Desarollo building by GRL Mexico prior to the declaration that the premises was unfit for any use.

35.     On or about November 15, 2014, GRL Mexico and GRL US sent Edgar Villagomez, a contractor, to remove the Personal Property. .  After some delay, Edgar Villagomez and his associates were allowed into the building on November 15, 2014, However, at about 11:15, three armed individuals who upon information and belief were acting at the behest of, and as agents for Desarollo and Alava, entered the premises and demanded, in a loud and threatening manner, that Mr. Villagomez and his associates leave without the personal property.

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

36.     Neither GRL Mexico nor GRL, US has been able to occupy or use the Desarrollo building or remove its Personal Property.

## FIRST CAUSE OF ACTION
### (CONVERSION)
### (AGAINST ALVA AND DESAROLLO)

37.     GRL US and GRL Mexico incorporate by reference the allegations set forth in paragraphs 1 through 36 of the Counterclaims as if set forth in full herein.

38.     GRL US and GRL Mexico are the owners of the Personal Property.

39.     Alva and Desarrollo have intentionally and substantially interfered with GRL US's and GRL Mexico's Personal Property by preventing GRL US and GRL Mexico from removing such Personal Property from the Desarrollo building.

40.     The fair market value of the Personal Property at the time GRL US and GRL Mexico were prevented from removing it was approximately 50,000.00 American Dollars.

41.     The time and money expended by GRL Mexico and GRL US in attempting to remove the Personal Property to date has been approximately 5,000.00 American Dollars.

42.     Neither GRL US nor GRL Mexico consented to being prevented from removing their Personal Property.

43.     GRL US and GRL Mexico have been harmed from the loss of use of such Personal Property.

44.     The actions of Alva and Desarrollo were a substantial factor in causing such harm.

45.     The actions of the armed guards, as agents and representatives of Desarrollo and Alva, in threatening Mr. Villagomez and his associates to prevent the removal of the Personal Property, evidences malice warranting exemplary damages.

ANSWER AND COUNTERCLAIMS            CASE NO. 3:15-CV-01729-JAH-DHB

**SECOND CAUSE OF ACTION**

**(FRAUD)**

**(AGAINST ALVA AND DESAROLLO)**

46.     GRL, US incorporates by reference the allegations set forth in paragraphs 1 through 36 of the Counterclaims as if set forth in full herein.

47.     From November, 2013 through March 4, 2015, Desarrollo, through its agent and representative  Alva, made material misrepresentations to at least Don Diego Guereña, a representative of GRL Mexico, that the Desarrollo building was structurally sound and could be used for the purposes intended by GRL Mexico.  On information and belief, Alva had actual knowledge that the Desarrollo building had structural damage and was not in compliance with applicable building codes and occupancy regulations and that the Desarrollo building could not be occupied for any purpose.

48.     Desarrollo and Alva owed a duty to GRL Mexico to disclose known defects in the Desarrollo building that prevented it from being used for the purposes intended by GRL Mexico. Neither Desarrollo nor Alva disclosed to GRL Mexico defects in the structure of the Desarrollo building known by Desarrollo and Alva to be so material as to prevent any use of the portion of the Desarrollo building intended to be leased by GRL Mexico.

49.     The misrepresentations and omissions by Alva, on behalf of Desarrollo, were material, false and misleading.  Alva and Desarollo knew that the misrepresentations and omissions were false and misleading at the time they were made, or, at a minimum, acted with reckless disregard for the truth or falsity of the misrepresentations and omissions.

50.     Alva misrepresented, concealed or suppressed these facts with the intent to influence the actions of GRL Mexico and GRL, US including intending to influence GRL Mexico to enter into a lease of the Desarrollo building and GRL, US to sign a guarantee.

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

51.     GRL, US and GRL Mexico reasonably and justifiably relied on Alva's representations on behalf of Desarrollo in leasing the Desarrollo building and executing the Guaranty.

52.     At the time GRL US and GRL Mexico acted, GRL US and GRL Mexico were unaware of the concealed, suppressed or misrepresented facts and would have acted differently if GRL US and GRL Mexico had known the true facts.

53.     The building GRL Mexico leased as a result of Alva's misrepresentations, on behalf of Desarrollo, is not suitable for GRL Mexico's intended purposes and is not suitable for any use. As a result of GRL Mexico's and GRL, US's reliance upon Alva's omissions and/or misrepresentations, GRL, US and GRL Mexico have suffered damages in an amount to be proved at trial.

### THRID CAUSE OF ACTION
### (NEGLIGENT MISREPRESENTATION)
### (AGAINST ALVA AND DESAROLLO)

54.     GRL US and GRL Mexico incorporate by reference the allegations set forth in paragraphs 1 through 53 of these Counterclaims as if set forth in full herein.

55.      Alva and Desarrollo, through its agent and representative Alva, made false representations of fact regarding the Desarrollo building as described above, including, for example, that the Desarrollo building was structurally sound.

56.     If Alva's misrepresentations were not intentionally or recklessly made, then Alva was negligent in making false, incomplete, and misleading statements. GRL Mexico and GRL US relied upon those misrepresentations.

57.     The factual representations by Alva were material and were false and misleading.  Alva made representations without any reasonable ground for believing them to

ANSWER AND COUNTERCLAIMS            CASE NO. 3:15-CV-01729-JAH-DHB

be true. He failed to exercise reasonable care or competence in making these representations and in ascertaining or failing to ascertain the truth or falsity of his representations.

58.     Alva made these false, misleading and incomplete representations of fact with the intent to influence the actions of GRL Mexico and GRL US.

59.     GRL Mexico and GRL US reasonably and justifiably relied on  Alva's representations in leasing the Desarrollo building and entering into the Guaranty and  Alva and Desarrollo knew that GRL Mexico and GRL US would rely on such representations.

60.     At the time GRL Mexico and GRL US acted, GRL Mexico and GRL US were unaware of the concealed, suppressed or misrepresented facts and would have acted differently if GRL Mexico and GRL US had known the true facts.

61.     The building GRL Mexico leased as a result of Alva and Desarrollo's representations is not suitable for GRL Mexico's intended purposes and is not suitable for any use. As a result of GRL Mexico and GRL US's reliance upon Mr. Alva and Desarrollo's omissions and/or misrepresentations, GRL US and GRL Mexico have suffered damages in an amount to be proved at trial.

<u>**FOURTH CAUSE OF ACTION**</u>
<u>**(FRAUDULENT CONCEALMENT)**</u>
<u>**(AGAINST ALVA AND DESAROLLO)**</u>

62.     GRL US and GRL Mexico incorporate by reference the allegations set forth in paragraphs 1 through 61 of these Counterclaims as if set forth in full herein.

63.     Alva concealed facts regarding the Desarrollo building as described above, including, for example, that the Desarollo building had structural damage and was not in compliance with applicable building codes and occupancy regulations.

20

64.     Alva and Desarrollo had a duty to disclose these facts to GRL Mexico and GRL US.   Alva represented Desarrollo in business negotiations with GRL Mexico and GRL US, and their agent Mr. Don Diego, regarding the lease of the building. On information and belief, Alva and Desarrollo, through its representative and agent Alva, had personal knowledge of the state of the building.   On information and belief, Alva and Desarrollo knew that GRL Mexico and GRL US were unlikely to discover the concealed facts. On information and belief, Alva took steps to hide the concealed facts rather than disclosing the facts to GRL Mexico or GRL, US.

65.     The facts concealed by Alva and Desarrollo were material.

66.      Alva and Desarrollo concealed these facts with the intent to influence the actions of GRL Mexico and GRL US.

67.     GRL Mexico and GRL US reasonably and justifiably relied on Alva's omissions and misrepresentations in leasing the Desarrollo building and  Alva and Desarrollo knew that GRL Mexico and GRL US would rely on such omissions and representations.

68.     At the time GRL Mexico and GRL US acted, GRL Mexico and GRL US were unaware of the concealed, suppressed or misrepresented facts and would have acted differently if GRL Mexico and GRL US had known the true facts.

69.     The building GRL Mexico leased as a result of Alva's omissions and misrepresentations is not suitable for GRL Mexico's intended purposes and is not suitable for any use. As a result of GRL Mexico and GRL US's reliance upon Alva and Desarrollo's omissions and misrepresentations, GRL US and GRL Mexico have suffered damages in an amount to be proved at trial.

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB

1    **WHEREFORE,** Plaintiff prays for judgment in his favor as follows:

2    a.    Damages for all injuries suffered as a result of Counterclaim-Defendant's and

3    Additional Counterclaim Defendant's unlawful conduct;

4    b.    Exemplary damages in an amount to be determined at trial;

5    c.    Attorney's fees and costs, to the extent provided for by law;

6    d.    Pre-judgment interest; and

7    e.    Such other and further legal and equitable relief as may be just and proper.

8
9                            **<u>DEMAND FOR JURY TRIAL</u>**

10   Pursuant to Federal Rule of Civil Procedure 38(b), GRL US and GRL Mexico demand a trial

11   by jury on all issues properly triable.

12

13   Dated: October 13, 2015

14                            */s/ Ronald D. Tym*
                             RONALD D. TYM, ESQ.
15                           LESLI GALLAGHER, ESQ.
                             Attorneys for Defendant GRL US and
16                           Counterclaimants GRL US and GRL Mexico
                             RTym@Tymfirm.com
17                           lesli.gallagher@pathway.com

18
19
20
21
22
23
24
25
26
27
28

ANSWER AND COUNTERCLAIMS          CASE NO. 3:15-CV-01729-JAH-DHB