# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESARROLLO URBANISTICO DEL PACIFICO, S.A. De C.V., <br><br> Plaintiff, <br><br> v. <br><br> GENOMICS REFERENCE LABORATORY US, LLC, a limited liability company; and DOES 1 through 100, inclusive <br><br> Defendants. <br><br> (*Caption Continued on Next Page*) | 15cv1729-JAH (DHB) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO STAY (Doc. No. 22) |

| | |
|---|---|
| GENOMICS REFERENCE LABORATORY US, LLC | |
| Counterclaimant | |
| and | |
| GENOMICS REFERENCE LABORATORY, S. De R.L. De C.V. | |
| Additional Counterclaimant | |
| v. | |
| DESARROLLO URBANISTICO DEL PACIFICO, S.A. De C.V., | |
| Counterclaim Defendant | |
| and | |
| ALBERTO MAY ALVA | |
| Additional Counterclaim-Defendant | |

## INTRODUCTION

Pending before this court is Defendant/Counterclaimant Genomics Reference Laboratory US, LLC ("GRL US") and Counterclaimant Genomics Reference Laboratory, S. De R.L. De C.V. ("GRL Mexico") ("Defendants") motion to stay the present litigation. Doc. No. 22. The motion is fully briefed. Plaintiff Desarrollo Urbanistico Del Pacifico, S.A. De C.V. ("Plaintiff") filed an opposition to the motion. Doc. No. 28. After careful review of the pleadings, relevant law, and reasons set forth below, the Court **GRANTS** Defendants' motion to stay.

//

# BACKGROUND

According to the Complaint, Defendants entered into a written guaranty of lease agreement ("Lease Agreement") with Plaintiff in March of 2014. Doc. No. 1 at pg. 3. Plaintiff posits that per the parties' agreement, Defendants, the lessees, were to pay Plaintiff, the lessor, in exchange for renting Plaintiff's Tijuana property. Doc. No. 1. On August 4, 2015, Plaintiff filed a complaint ("Complaint") alleging that Defendants breached the Lease Agreement by failing to pay rent. Id. On October 13, 2015, Defendants filed an Answer to the Complaint along with a Counterclaim alleging Plaintiff knew the property had significant structural defects before entering into the Lease Agreement. Doc. No. 3. Defendants argued that, because Plaintiff leased the property knowing there were structural defects, Plaintiff breached the Lease Agreement and payment of rent is unenforceable. Id. On May 15, 2017, Defendants filed a motion to stay the case pending resolution of nearly analogous Mexican litigation involving Plaintiff. Doc. No. 22. Defendants argue that if the decision in the pending Mexican litigation, a matter concerning Plaintiff's adherence to safety standards in maintaining the leased property, and Plaintiff is liable, Plaintiff will have breached the Lease Agreement with Defendant which would automatically absolve Defendant of all alleged liability. Id.

# DISCUSSION

## I. Legal Standard

A court's power to stay proceedings is incidental to its inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); see also Clinton v. Jones, 520 U.S. 681, 706-07 (1997); Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). For the sake of judicial economy, a stay may be granted pending the outcome of other legal proceedings related to the case. Leyva c. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). A stay is also appropriate pending the resolution of another matter that will impact the issues before the court. San

Diego Padres Baseball P'ship v. United States, No. 99-cv-0828, 2001 WL 710601, at * 1 (S.D. Cal. May 10, 2001).

In determining whether a stay is appropriate, a district court "must weight competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. Among the competing interests are: (1) the possible damage which may result from the granting of a stay, (2) the hardship of inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

## II. Analysis

Defendants argue that if Plaintiff breached the lease agreement due to a failure to maintain safety conditions at the leased property, Defendants have no liability under Section 1.3 of their lease agreement. Doc. No. 22-1 at pg. 7. Defendants posit the Ninth Circuit has cited a test to determine when to exercise international adjudicatory comity. Id. at pg. 8. Defendants contend the test weighs three factors: "(1) the strength of the United States' interest in using a foreign forum; (2) the strength of the foreign governments' interests; and (3) the adequacy of the alternative forum." Id. at pg. 8; see Mujica v. AirScan, Inc., 771 F.3d 580, 603 (9th Cir. 2014). Defendants argue all three factors weigh in favor of granting the motion to stay. Id. at pg. 9. Defendants, citing Mujica, argue that the location, nationality of parties, nature of conduct, U.S. foreign policy interests, and public policy interests should be taken into consideration. Id. Defendants argue that the events giving rise to the Complaint took place in Mexico, involve Mexican parties, and therefore no real foreign policy considerations exist. As a result, Plaintiff posits that international adjudicatory comity is appropriate to satisfy public policy interests. Id.

In opposition, Plaintiff argues that nothing currently pending in Mexican courts that would justify a stay of this case. Doc. No. 28 at pgs. 4-5. Plaintiff argues that a ruling in a Mexican court should not impact the status of the case in this Court. Id. In addition,

4

Plaintiff contends Defendants' motion to stay is merely an attempt to delay proceedings. Plaintiff posits that Defendants have been negligent in handling matters in this case. Id. at pgs. 5-7. Thus, Plaintiff argues Defendants' motion to stay the case should be denied. Doc. No. 28.

Here, Defendants have the burden of proving the necessity of the motion to stay the case. In support of this motion, Defendants point to a potentially dispositive issue pending in Mexican court that could affect the status of this case. Doc No. 22-1 at pg. 7. Defendants also cite a three-part test based on controlling, Ninth Circuit caselaw convincingly arguing that here, the test favors Defendants. Id. at pgs. 8-9. The Court believes Defendants have provided sufficient evidence in support of its claim and has sufficiently met its burden.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to stay is **GRANTED** pending resolution of litigation in Mexican courts. Parties are to file a status report in thirty (30) days of this order. In addition, the parties are to contact this Court once the relevant litigation in Mexican courts has concluded.

DATED: October 18, 2017

JOHN A. HOUSTON
United States District Judge

5

15cv1729-JAH (DHB)