UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DESARROLLO URBANISTICO DEL
PACIFICO, S.A. De C.V.,

                    Plaintiff,

v.

GENOMICS REFERENCE
LABORATORY, US, LLC, a limited
liability company; and DOES 1 through
100, inclusive

                    Defendants.

*(Caption Continued on Next Page)*

Case No.:15cv1729-JAH (MSB)

**ORDER REQUIRING STATUS REPORT**

GENOMICS REFERENCE
LABORATORY US, LLC

                    Counterclaimant,

and

GENOMICS REFERENCE
LABORATORY, S. De R.L. De C.V.

                    Additional Counterclaimant

v.

DESARROLLO URBANISTICO DEL
PACIFICO, S.A. De C.V.,

                    Counterclaim-Defendant

and

ALBERTO MAY ALVA

                    Additional Counterclaim-Defendant.

On August 4, 2015, Plaintiff Desarrollo Urbanistico Del Pacifico, S.A. De C.V. ("Plaintiff") filed a complaint alleging two causes of action against Defendant/Counterclaimant Genomics Reference Laboratory US, LLC ("GRL US"). Doc. No. 1. Specifically, Plaintiff alleges Defendant entered into a written guaranty of lease agreement with Plaintiff in March of 2014. Doc. No. 1 at 3. Plaintiff contends that the parties' agreement obligated the Defendant, the lessees, to pay the Plaintiff, the lessor, in exchange for renting Plaintiff's Tijuana property. *See id.* The complaint alleges Defendant breached the agreement by failing to pay rent. *Id.*

On October 13, 2015, Defendant filed an Answer to the Complaint along with a Counterclaim alleging Plaintiff knew the property had significant structural defects before entering into the Lease Agreement. Doc. No. 3. Defendant argued that, because Plaintiff leased the property knowing there were structural defects, Plaintiff breached the Lease Agreement and payment of rent is unenforceable. *Id.* Additionally, Defendant counterclaimed alleging conversion, fraud, negligent misrepresentation, and fraudulent concealment. *See generally* Doc. No. 3.

On May 15, 2017, Defendants filed a motion to stay the case pending resolution of nearly analogous litigation in Mexico involving Plaintiff. Doc. No. 22. The issue was fully briefed. *See* Doc. Nos. 28, 29, 30, 32. On October 18, 2017, the Court granted Defendant's Motion to Stay. Doc. No. 37. The Court further instructed the Parties to, "file a status report in thirty (30) days of this order. In addition, the parties are to contact this Court once the relevant litigation in Mexican courts has concluded." *Id.* at 5. The Parties each filed status reports on November 17, 2017. *See* Doc. Nos. 38, 39. In summary, the Parties indicated that there was a final proceeding before the Fourth District Federal Judge in Tijuana, Mexico, on November 17, 2017, identified as the Amparo proceeding number 601/2017. *See* Doc. No. 38 at 5; *see also* Doc. No. 39 at 2. Both declarations also stated that the judgment in these proceedings will be published, however, the Parties disagree as to the time frame as to when the written final ruling will be issued. However, the Parties each indicated a time frame from "a period of up to 90 days," (Doc. No. 38 at 5), to "two to three weeks," (Doc. No. 39 at 2). As it is well over the time frame estimated by both parties, the Court requests a status report regarding the status of the litigation in Mexico that was the subject of the Motion to Stay.

//
//
//
//
//

Accordingly, **IT IS HEREBY ORDERED** the parties shall file a status report regarding the current status of the litigation in Mexican courts.

**IT IS SO ORDERED.**


DATED: November 18, 2019


_____

JOHN A. HOUSTON
United States District Judge