UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESARROLLO URBANISTICO DEL PACIFICO, S.A. DE C.V.,<br><br>Plaintiff,<br><br>v.<br><br>GENOMICS REFERENCE LABORATORY US, LLC, et al.,<br><br>Defendants.<br><hr>AND RELATED COUNTERCLAIMS | Case No.: 15cv1729-JAH(MSB)<br><br>**ORDER SETTING TELEPHONIC CASE MANAGEMENT CONFERENCE** |

On October 18, 2017, District Judge Houston stayed this case pending resolution of related litigation in Mexico. (ECF No. 37.) On December 16, 2019, Plaintiff and Counterclaim Defendant Desarrollo Urbanistico Del Pacifico, S.A. De C.V. advised the Court that the related litigation in Mexico had been resolved and asked the Court to lift the stay. (ECF No. 43.) On April 7, 2020, Judge Houston issued an order lifting the stay in this matter. (ECF No. 44.)

In light of the procedural posture of the case, the Court sets a telephonic Case Management Conference for **May 13, 2020**, at **11:00 a.m.** Plaintiff's counsel is to

arrange and initiate the conference call. The telephone number for Judge Berg's chambers is (619) 557-6632.

In preparation for this conference, the parties must file an Amended Joint Discovery Plan no later than **May 6, 2020**. Agreements made in the Joint Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order. The Joint Discovery Plan must be one document and must cover the parties' views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3). In addition, the Joint Discovery Plan must include the following:

    i. **Service**: A statement as to whether any parties remain to be served and, if so, a proposed deadline for service;

    ii. **Amendment of Pleadings**: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

    iii. **Protective Order**: Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

    iv. **Privilege**: The procedure the parties plan to use regarding claims of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

    v. **Evidence Preservation**: Whether the parties have discussed issues related to the preservation of relevant evidence and if there are areas of disagreement, how the parties are resolving them;

    vi. **Electronic Discovery**: In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (see Fed. R. Civ. P. 26(b)(2)(B));

///

vii. **Discovery**: In addition to the requirements of Fed. R. Civ. P. 26(f)(3)(B), the parties must describe the discovery taken to date (if any), any proposed limitations or modifications of the discovery rules, and any identified discovery disputes; and

viii. **Related Cases**: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**IT IS SO ORDERED**.

Dated: April 7, 2020

Honorable Michael S. Berg
United States Magistrate Judge